IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY BURNS, | ) | |
| | ) | CIVIL ACTION NO. 3:19-cv-163 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| JENNIFER SCHROCK, RNS; JAWAD A. SALAMEH, M.D.; MELISSA STEFANIC, RN; ANDREW DANCHA, DO; ERIN CLARK, CRNP; AND CHARDONNAY, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This matter is before Magistrate Judge Cynthia Reed Eddy for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636 and Local Civil Rule 72.

On October 31, 2019, pro se Plaintiff Gregory Burns ("Plaintiff") filed a complaint against Jennifer Schrock, RNS ("Shrock"), Melissa Stefanic, RN ("Stefanic"), Andrew Dancha, DO ("Dancha"), Erin Clark, CRNP ("Clark"), and CharDonnay, Inc. ("CharDonnay") (collectively, "Defendants"). In the complaint, Plaintiff asserted various claims against Defendants related to medical treatment he received from them while incarcerated at the Pennsylvania Department of Corrections State Correctional Institution at Laurel Highlands ("SCI-Laurel Highlands"). (ECF No. 8). Plaintiff amended this complaint on October 14, 2020, (ECF No. 64), and again on December 3, 2021 (ECF No. 109). The operative complaint in this case is now the Third Amended Complaint at ECF No. 109.

Before the Court are two outstanding motions. The first is a renewed motion to dismiss Plaintiff's claims against Stefanic and CharDonnay for failure to file a certificate of merit. (ECF No. 112). The second is a motion to dismiss Plaintiff's claims against Schrock for failure to state a claim upon which relief can be granted. (ECF No. 114).

On August 4, 2022, Magistrate Judge Eddy filed a Report & Recommendation ("R&R") recommending that the Court grant Schrock's motion to dismiss at ECF No. 114. (ECF No. 124). On the same date, the Magistrate Judge filed a second R&R recommending that the Court deny Stefanic and CharDonnay's motion to dismiss at ECF No. 112 and order Plaintiff to submit such a certificate as to CharDonnay. (ECF No. 125). In both R&Rs, the Magistrate Judge notified the parties of their respective deadlines for filing written objections, in accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2.[1]

On August 23, 2022, Plaintiff filed a motion requesting an extension for filing written objections to the R&Rs. (ECF No. 126). On August 25, 2022, the Court granted Plaintiff's motion at ECF No. 126 and extended Plaintiff's filing deadline to August 31, 2022. (ECF No. 127). Plaintiff filed objections to the R&R at ECF No. 124 on September 1, 2022. (ECF No. 128). He also filed objections to the R&R at ECF No. 125 on September 6, 2022. (ECF No. 129). Both objections were filed after the August 31, 2022, deadline and were thus untimely.

For their part, Defendants did not file any objections to either R&R, timely or otherwise. Because neither party filed timely objections to the R&Rs, this Court need give only "reasoned

---

[1] The parties had different deadlines for submitting written objections because Defendants are electronically registered and Plaintiff is not. (ECF Nos. 124 at 7–8, 125 at 9). As an electronically registered party, Defendants had until August 18, 2022, to file objections. (*Id.*). As a non-registered party, Plaintiff had until August 23, 2022, to file objections. (*Id.*).

2

consideration" to the R&Rs by "afford[ing] some level of review to dispositive legal issued raised by the report[.]" *EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017).

Upon de novo review of the record in this matter and reasoned consideration of Magistrate Judge Eddy's R&Rs at ECF Nos. 124 and 125, the following order is entered.

**AND NOW**, this 17th day of October, 2022, it is **HEREBY ORDERED** that Magistrate Judge Eddy's R&Rs at ECF Nos. 124 and 125 are adopted as the Opinions of the Court for their reasonings and conclusions.

**IT IS FURTHER ORDERED** that Schrock's motion to dismiss at ECF No. 114 is **GRANTED**. Because leave to amend would be futile, Plaintiff's Section 1983 civil conspiracy claim against Schrock is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Stefanic and CharDonnay's motion to dismiss at ECF No. 112 is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff submit a Certificate of Merit as to CharDonnay within twenty days of this order's entry.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**